United States District Court
Southern District of Texas
**ENTERED**
November 13, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIA ELENA GONZALEZ PEREZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-04433 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

The petitioner, Maria Elena Gonzalez Perez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging her ongoing detention. Doc. No. 1.

The petition and summary judgment evidence reflect that Petitioner entered the United States without inspection and has not been admitted to the United States. Doc. No. 1-3 at 2; Doc. No. 7-1. Therefore, she is an applicant for admission under 8 U.S.C. § 1225(b) and is subject to mandatory detention. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). The Fifth Circuit's holdings in *Buenrostro-Mendez* and *Sosnava Rodriguez v. Vergara*, --- F.4th ----, No. 26-50183, 2026 WL 3181188, at *9 (5th Cir. Oct. 23, 2026) (*en banc*), foreclose the petitioner's claims for habeas relief on statutory and due process grounds.

In addition, Petitioner's Fourth Amendment claims regarding her arrest and detention cannot succeed in this habeas proceeding because § 1225(b) provides Respondents' lawful authority to detain her. *See Kanda v. Cole*, No. 5:26-CV-158, 2026 WL 1014400, at *3–4 (S.D. Tex. Apr. 10, 2026) (rejecting petitioner's Fourth Amendment claims regarding arrest and detention) (citing *Ordonez v. Frink*, No. 4:25-CV-06386, 2026 WL 143153, at *1 (S.D. Tex. Jan. 20, 2026)).

Additionally, her claims under the Administrative Procedure Act ("APA") fail because an "adequate remedy in a court" is available via habeas corpus. 5 U.S.C. § 704; *accord Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 5 (S.D. Tex. Feb. 10, 2026) (holding that the petitioner was not entitled to relief under the APA where he was able to challenge his detention through habeas corpus); *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (agreeing with the majority "that habeas corpus, not the APA, is the proper vehicle" where habeas corpus is an available remedy).

Finally, to the extent that Petitioner raises claims regarding her medical condition and the conditions of her detention, the Fifth Circuit has explained that "a habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit ... 'is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'" *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (citations omitted); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) (mem. op.) ("[T]he Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."), *cert. denied*, 142 S. Ct. 216 (2021); *Nogales v. Dep't of Homeland Sec.*,

No. 21-10236, 2022 WL 851738, *1 (5th Cir. Mar. 22, 2022) (holding that the court lacked jurisdiction in a habeas proceeding to consider claims for conditions of confinement in the immigration detention context). Therefore, Petitioner's claims regarding her medical care or other conditions of her confinement do not state a claim for habeas relief.

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' motion for summary judgment (Doc. No. 7) is **GRANTED**.
2. The petition for a writ of habeas corpus (Doc. No. 1) is **DENIED.**
3. All other pending motions, if any, are **DENIED as MOOT**.
4. This case is **DISMISSED**.

The Clerk shall send a copy of this Order to the parties.

SIGNED this 13th day of November 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE